```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA

           CASE NO. 11-62734-CIV-WILLIAMS
```

IN RE:

FREDERICK BLACKMON
and BENEVA BLACKMON,

    Debtors.
_____/

FREDERICK BLACKMON
and BENEVA BLACKMON,

    Appellants,

vs.

AMERICREDIT FINANCIAL
SERVICES, INC.,

    Appellee.
_____/

**APPELLEE AMERICREDIT FINANCIAL SERVICES, INC.'S ANSWER BRIEF**

```
                    GERARD M. KOURI, JR., P.A.
                    Attorneys for Appellee
                    AmeriCredit Financial Services, Inc.
                    12401 Orange Drive, Suite 226
                    Davie, FL 33330
                    Telephone: (954) 862-1731
                    Facsimile: (954) 862-1732
                    E-mail:  gmkouri@aol.com
                             gmkouripaecf@gmail.com

                        /s/Gerard M. Kouri, Jr.
                    By: _____
                        GERARD M. KOURI, JR., ESQ.
                        FBN 37596
```

1

TABLE OF CONTENTS

| | |
|---|---|
| Statement of Issue Presented and Standard of Review | 3 |
| Statement of the Case | 4 |
|    Nature of the Case | 4 |
|    Course of Proceedings | 4 |
|    Disposition in the Court Below | 6 |
|    Statement of Facts | 7 |
| Argument | 9 |
| Conclusion | 15 |
| Certificate of Service | 16 |

<u>STATEMENT OF ISSUE PRESENTED AND STANDARD OF REVIEW</u>

Whether the Bankruptcy Court abused its discretion by denying confirmation of the debtors' First Amended Plan which provided for a substantial reduction in the contractual loan interest rate of a vehicle retail installment contract with Appellee AmeriCredit Financial Services, Inc., when debtor Frederick Blackmon obtained the loan from AmeriCredit only seventy-nine days before his bankruptcy filing with the knowledge that he intended to file for bankruptcy, had consulted with and retained a bankruptcy attorney, and had remitted retainer payments to his attorney?

Appellee AmeriCredit agrees with Appellants that the standard of review is abuse of discretion.

STATEMENT OF THE CASE

Nature of the case. The debtors' proposed a First Amended Plan which provided for a substantial reduction in the contractual pre-petition interest rate owed on a vehicle retail installment contract with Appellee AmeriCredit. Appellee AmeriCredit timely objected to confirmation of the proposed First Amended Plan. After evidentiary hearing, the bankruptcy court denied confirmation and found that the First Amended Plan was not proposed in good faith because it provided for less than the contractual rate of interest after the evidence revealed that debtor Frederick Blackmon was contemplating bankruptcy when he purchased the vehicle seventy nine days before his bankruptcy filing and had met with and partially paid bankruptcy counsel before purchasing the vehicle. The debtors appealed the bankruptcy court denial of confirmation.

Course of Proceedings. Debtors filed on October 15, 2010 for relief under chapter 13 of the bankruptcy code (R 2-2). On October 25, 2010, debtors filed their initial proposed plan which plan provided for payments of principal to AmeriCredit on

4

a 2007 Suzuki XL-7 in which AmeriCredit holds a lien but a reduction in the contractual interest rate to AmeriCredit to 5.25% (R 2-4, page 1). On November 30, 2010, AmeriCredit timely objected to the proposed initial plan because of the reduction in the interest rate and an incorrect payoff amount (R 2-4, pages 5 and 6).

Debtors also attempted to obtain approval of the reduction in the interest rate to AmeriCredit by filing a motion to value on January 12, 2011 (R 2-4, pages 9-11). AmeriCredit timely responded on January 27, 2011, in opposition to the motion to value (R 2-5, pages 2 and 3).

On April 19, 2011, the court held an evidentiary hearing on debtors' motion to value but neither Blackmon appeared at the hearing to testify (R 2-8, pages 5 to 33-transcript of April 19, 2011 hearing). The bankruptcy court denied the motion to value on June 29, 2011 (R 2-6, pages 9-13) stating that "given the proximity between the date . . . of the car loan . . . and the filing of the bankruptcy petition . . . the Debtors intent should be considered." (R 2-6, page 12). The bankruptcy court determined that it must consider at confirmation whether a plan is proposed in good faith, and the motion to value (to reduce

5

the interest rate) when the debtor's intent is a primary issue would result in a premature "pre-confirmation blessing of a portion . . . of their plan . . . and interfere with the court's duty to conduct . . . good faith analysis at the confirmation hearing (R 2-6, pages 25 and 26).

Shortly thereafter, on July 12, 2011, debtors filed their proposed first amended plan (R 2-7, pages 1 and 2) but which still sought to reduce the contractual interest rate on the secured debt to AmeriCredit to 5.25%.  As is the standard practice in the bankruptcy courts for the Southern District of Florida, AmeriCredit's earlier filed objection carried to the first amended plan and on August 30, 2011, the bankruptcy court conducted an evidentiary on AmeriCredit's objection to plan (R 2-7, page 9; R 2-8, pages 1 and 2; Transcript of the Objection to Confirmation Hearing on August 30, 2011 which transcript is filed at DE 14 in this appeal).  Debtor Blackmon testified at the August 30, 2011 evidentiary hearing (DE 14 in this appeal- Transcript of the hearing on objection to confirmation).

<u>Disposition in the Court below</u>:  After the August 30, 2011 evidentiary hearing, the bankruptcy court on September 29, 2011

6

denied confirmation of debtors' proposed First Amended Plan (R 2-8, pages 34 to 48) finding that debtor Frederick Blackmon "purchased and financed vehicle . . . shortly before [his] bankruptcy filing in contemplation of [the] filing. . . [and] then proposed [a] Chapter 13 plan . . . which would repay the . . . car claim . . . at less than the contractual interest rate. . . such that the plan . . . [is] not proposed in good faith." (R 2-8, page 38). The bankruptcy court denied confirmation of the proposed first amended plan but denied it <u>without prejudice</u> to debtors proposing a new plan which would repay AmeriCredit in full and at the contract interest rate or which would treat AmeriCredit outside the plan. (R 2-8, page 38).

Debtors filed a motion for rehearing on October 13, 2011 (R 2-8, pages 41 to 47). On October 18, 2011, the bankruptcy court denied the motion for rehearing (R 2-9, page 4). This appeal of the orders denying confirmation and motion to rehear ensued.

<u>Statement of Facts</u>. On July 28, 2010, Appellant Frederick Blackmon purchased a 2007 Suzuki XL7 with financing from AmeriCredit at an interest rate of 19.95%. (R 2-8, page 35; R 2-8, page 1; R 2-6, page 3). But before purchasing the vehicle

7

and obtaining the financing from AmeriCredit, Appellant Frederick Blackmon met with bankruptcy counsel, retained bankruptcy counsel, and made partial payments to bankruptcy counsel. (R 2-8, page 36; DE 14 in this appeal-Transcript of the hearing on objection to confirmation, pages 7 to 9). Appellant Blackmon paid retainer fees to bankruptcy counsel on May 12, June 25, and July 12 in the aggregate amount of $1,300 before obtaining the vehicle financing. (DE 14 in this appeal-Transcript of the hearing on objection to confirmation, pages 7 to 9).

Thereafter, seventy nine days after purchasing the vehicle with the AmeriCredit financing, Appellant Frederick Blackmon filed on October 15, 2010, for bankruptcy relief under chapter 13 of the Bankruptcy Code. (R 2-8, page 35; R 2-2). Rather than make installment payments directly to AmeriCredit (known as direct payments or payments outside the bankruptcy), he sought to reduce the contract interest rate he had negotiated only seventy nine days earlier by seeking confirmation of a plan that reduced to 5.25% the interest rate on the debt to AmeriCredit by including the vehicle and debt in the plan and paying the chapter 13 trustee a fee of 10% for doing so. (R 2-8, page 36;

8

DE 14 in this appeal-Transcript of the hearing on objection to confirmation, pages 7 to 9; R 2-4, pages 1 and 2; R 2-7, pages 1 and 2).

Appellant Frederick Blackmon was contemplating bankruptcy at the time he purchased his vehicle with the AmeriCredit financing.  (R 2-8, page 37 and 38).

## ARGUMENT

The Bankruptcy Court did not abuse its discretion by denying confirmation of the debtors' First Amended Plan which provided for a substantial reduction in the contractual loan interest rate of a vehicle retail installment contract with Appellee AmeriCredit Financial Services, Inc., when debtor Frederick Blackmon obtained the loan from AmeriCredit only seventy-nine days before his bankruptcy filing with the knowledge that he intended to file for bankruptcy, had consulted with and retained a bankruptcy attorney and had remitted retainer payments to his attorney.  The bankruptcy court correctly concluded that Appellant Frederick Blackmon purchased and financed his vehicle shortly before his bankruptcy filing

and in contemplation of the filing and when he proposed a bankruptcy plan to repay the car claim at less than the contractual rate of interest, the plan was not proposed in good faith.

Appellant Frederick Blackmon concedes that the bankruptcy court's finding of bad faith must be reviewed on an "abuse of discretion" standard. But he does not challenge or dispute the bankruptcy court's findings that "[s]eventy-nine days prior to the Blackmons' bankruptcy filing, Mr. Blackmon purchased a 2007 Suzuki XL-7 financed by AmeriCredit at an interest rate of 19.95%" (R 2-8, page 35), "[d]ebtor Frederick Blackmon met with and partially paid bankruptcy counsel before purchasing a vehicle at 19.95%" (R 2-8, page 37), and was "contemplating bankruptcy at the time [he] purchased his vehicle. . ." (R 2-8, page 37). With these findings of fact, unchallenged by Appellant Frederick Blackmon, the bankruptcy court concluded that Mr. Blackmon "cannot in good faith propose a plan which would repay the secured creditor at less than the contract interest rate . . . because, at base, the good faith inquiry under both § 1307 (dismissal of a bad faith petition) and § 1325 (confirmation of a good faith plan) focuses on whether the

filing is fundamentally fair to creditors." (R 2-8, page 37). This conclusion, based on the above noted unchallenged factual findings, cannot be said to be an abuse of discretion.

Appellant Frederick Blackmon argues that the bankruptcy court conclusion is an abuse of discretion because there is no better plan than that which proposes a 100% distribution to unsecured claims (Appellant brief at pages 5, 7, and 8). Appellant's proposed first amended plan, however, <u>does not pay AmeriCredit 100%</u> of the monies owed to it because it reduces the interest rate on the debt to AmeriCredit to 5.25% from the contractual rate of 19.95%.

Appellant Frederick Blackmon argues that the bankruptcy conclusion is an abuse of discretion because "[d]ebtors always meet with bankruptcy counsel prior to the filing of their case." (Appellant brief at page 7). All debtors do not, however, meet with bankruptcy counsel; retain and pay bankruptcy counsel; then knowing they will shortly file for bankruptcy, purchase and finance a vehicle; and seventy-nine days later file for bankruptcy under chapter 13 of the bankruptcy code and propose a plan which substantially reduces the interest rate on the purchase loan that had just been obtained.

Appellant Frederick Blackmon argues that the bankruptcy conclusion is an abuse of discretion because "the [d]ebtor had a casualty loss and their car was totaled in June of 2010, and the purchase of another car, prior to bankruptcy, was necessitated by the fact (sic) they did not have another car, which was required for the [d]ebtor to go back and forth to work" (Appellant brief at page 7). The argument ignores the record in this case. AmeriCredit has not and does not argue that a debtor cannot purchase and finance a vehicle seventy-nine days before filing for bankruptcy and in contemplation of bankruptcy but, rather, maintains that debtor cannot do so and then propose to reduce the interest rate in debtor's chapter 13 plan. (See R 2-8, pages 11 and 12). Counsel for AmeriCredit stated in oral argument before the bankruptcy court the following: "We are not arguing that the debtor cannot purchase a vehicle before the bankruptcy filing. We're not arguing that the debtor in purchasing the vehicle has done anything wrong or illegal or inappropriate. What we are maintaining is that if [debtor does] purchase a vehicle in contemplation of a bankruptcy filing, then the plan . . . [debtor] . . . propose[s] should require that

debtor pay the contract rate of interest." (R 2-8, pages 11 and 12).

Appellant Frederick Blackmon argues that the bankruptcy conclusion is an abuse of discretion because courts have ruled that debtors "are entitled to strip a 910 car claim, not to its value, but to its payoff, at the *Till* rate interest post-confirmation." (Appellant's brief at page 8).  Again, this argument ignores the record in this case.  AmeriCredit has never argued here a change in the application in standard cases of the *Till* rate of interest.  Counsel for AmeriCredit in oral argument before the bankruptcy court said the following:  "Your Honor, we're not arguing a major change in the *Till* rate or anything like that, we do respect how the *Till* rate operates and how it provides us with a certain degree of certainty, and we are a supporter of *Till*. . . . We're — - each of these cases requires a case-by case determination.  We're just saying that in certain circumstances, it's inappropriate for the debtor to enjoy the benefits of *Till* when the purchase is made in contemplation of a bankruptcy filing, and this purchase took place 74 days before the bankruptcy filing."  (R 2-8, pages 11 and 12).  The bankruptcy court understood and recognized AmeriCredit's

13

position and concluded that "**while a Chapter 13 plan can certainly 'fully repay' a 910-day car claim at a reduced interest rate**, when a debtor finances a vehicle at 19.95% . . . shortly before a bankruptcy filing in contemplation of bankruptcy, the debtor cannot in good faith propose a plan which would repay the secured creditor at less than the contract interest rate." (R 2-8, page 37, emphasis added).

Appellant Frederick Blackmon argues that the bankruptcy conclusion is an abuse of discretion because it "leaves open the issue as to when the bad faith occurs, 30 days, 90 days or 120 days or any other time period." (Appellant's brief at page 8). Appellant's argument ignores that his own testimony established that the purchase and financing were done in contemplation of bankruptcy (DE 14 in this appeal--Transcript of August 30, 2011 Hearing on Objection of Confirmation at pages 7 to 9) and the purchase and financing occurred only 79 days before the bankruptcy filing. The bankruptcy court ruled based on the unique facts present in this case and made it very clear that the "creditor did not seek a *per se* rule . . . [and] . . . the court did not make a *per se* rule." (R 2-9, page 4).

14

As noted above, relevant findings of fact, unchallenged by Appellants, support the bankruptcy court's exercise of its discretion to deny confirmation of the proposed First Amended Plan. The bankruptcy court heard the testimony of Mr. Blackmon, observed his demeanor, and made these crucial findings of fact in determining that the First Amended Plan was not proposed in good faith. Importantly, the bankruptcy court did not leave the Appellants without an ability to save their home. The bankruptcy court's denial of confirmation of the proposed First Amended Plan is without prejudice to debtors "proposing [a] new Chapter 13 plan . . . which would repay AmeriCredit in full and at the contract interest rate . . . or which would treat AmeriCredit outside the plan. (R 2-8, page 38). The Appellants are impermissibly asking this court to substitute its discretion in place of that of the lower court. The bankruptcy court decision cannot be said to be "an abuse of discretion" and the decision should therefore be affirmed.

## CONCLUSION

Appellee AmeriCredit Financial Services, Inc., respectfully requests that this Court determine that the bankruptcy court did

not abuse its discretion in denying confirmation of debtors' first amended plan and that the decision of the bankruptcy court be affirmed.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via electronic transmission on March 4, 2012 to Michael Frank, Esq., attorney for Appellant.

/s/ Gerard M. Kouri, Jr.
_____
GERARD M. KOURI, JR., ESQ.
FBN 375969